Marc E. MANDEL, Plaintiff

v.

**THE BOSTON PHOENIX, INC.,**
et al., Defendants.

No. CIVA 03–10687 RGS.

United States District Court,
D. Massachusetts.

Sept. 25, 2006.

Jennifer J. Coyne, Miles & Stockbridge, P.C., Towson, MD, Mary Alys Azzarito, Salem, MA, Stephen J. Cullen, Miles & Stockbridge P.C., Towson, MD, US, for Marc E. Mandel, Plaintiff.

Daniel J. Gleason, Rebecca L. Shuffain, Nutter, McClennen & Fish, LLP, Boston, MA, Robert L. Hanley, Nolan, Plumhoff & Williams, Chartered, Nottingham Centre, Towson, MD, for the Boston Phoenix Inc., Phoenix/Media Communications Group, Inc., Peter Kadzis, Plaintiffs.

Daniel J. Gleason, Rebecca L. Shuffain, Nutter, McClennen & Fish, LLP, Boston, MA, Robert L. Hanley, Nolan, Plumhoff & Williams, Chartered, Nottingham Centre, Towson, MD, Robert A. Bertsche, Prince, Lobel Glovsky & Tye LLP, Boston, MA, for Susan Ryan–Vollmar, Defendant.

Daniel J. Gleason, Rebecca L. Shuffain, Nutter, McClennen & Fish, LLP, Boston, MA, Robert L. Hanley, Nolan, Plumhoff & Williams, Chartered, Nottingham Centre, Towson, MD, Paige A. Scott Reed, Prince, Lobel, Glovsky & Tye LLP, Boston, MA, Robert A. Bertsche, Prince, Lobel Glovsky & Tye, LLP, Boston, MA, for Kristen Lombardi, Defendant.

Rebecca L. Shuffain, Nutter, McClennen & Fish, LLP, Boston, MA, for the Boston Phoenix, LLC, Defendant.

## *MEMORANDUM*

HARRINGTON, Senior District Judge.

The Court of Appeals for the First Circuit held in *Mandel v. The Boston Phoenix, Inc., et al.,* 456 F.3d 198, that in this case plaintiff's status as a public official or as a private figure for libel-law purposes shall be determined by the District Court at the close of the evidence at trial.

In response to said opinion, this Court stated in a footnote as follows: "The disadvantage of this procedure is that evidence relating to plaintiff's status, although a question of law for the Court, will be presented before the jury and might tend to distract its focus from the elements of defamation which it will be called upon to decide and might tend to confuse it as to what are the relevant issues. This procedure will surely lengthen the duration of the trial. It is the judgment of the District Court that a preferable procedure would be to decide the question of plaintiff's status by summary judgment after an extensive discovery process in order to reduce the risk of jury confusion and of the additional expenditure of resources." 2006 WL 2474980.

Moreover, another disadvantage of the procedure called for by the Court of Appeals is that the parties would have to pursue their respective defamation claims and defenses during the entire jury trial without knowing whether the ultimate element to be decided by the jury would be "malice" or "negligence." When the essential element to be proved to the jury, "malice" or "negligence," is not certain until after the evidence is concluded, irrelevant evidence would have been introduced during the course of the trial. This process would be neither logical nor the most persuasive method of presenting evidence to a jury and could lead to its confusion.

On further reflection, in order to fully comply with the decision of the Court of Appeals and to obviate the disadvantages of the process prescribed by that decision, this Court believes that the preferable procedure would be to hold two trials in this case—one trial before the Court on the legal issue as to plaintiff's status and then a second trial before the jury on the factual issue of defamation after the plaintiff's status for defamation purposes has been determined by the Court.